## IN RE F. M. F. CAZIN.

*Habeas Corpus may be Granted when one is Imprisoned on Civil Process.*

Under our statute the writ of *habeas corpus* is grantable to admit to bail in *civil actions*, as when one is confined in jail on a writ running against his body; thus, one G. brought suit for libel against the prisoner, claiming $30,000 damages, and caused him to be arrested, and for want of bail he was committed to jail. *Held*, that our *Habeas Corpus Act*, R. L. s. 1365, embraces civil causes as well as criminal offenses; and that the prisoner was entitled to be admittted to bail.

HABEAS CORPUS. The prisoner set forth in his petition that the libel for which he was sued by Goddard was true ; that the damages claimed in the writ were excessive ; and that he was unable to procure bail.

*J. H. Watson* and *L. C. Hebard*, for the relator.

Placing the *ad damnum* in the writ at $30,000, was in effect and in law a denial of bail ; because it was demanding excessive bail. U. S. Con. Art. 5 ; Vt. Con. Art. 10 ; R. L. s. 1343 ; *People* v. *Liscomb*, 60 N. Y. 359 ; 2 Hawk. P. C. ss. 5, 13. If the bail was excessive the imprisonment was illegal. 1 Swift Dig. 593 ; R. L. s. 1461. This court has power to admit him to bail, and to fix the amount. *Evans* v. *Foster*, 1 N. H. 374 ; Hurd Hab. Cor. pp. 100, 103, 147, 187, 208, 211 ; 3 Bl. Com. pp. 131, 138 ; *Jones* v. *Kelley*, 17 Mass. 116 ; 1 Swift Dig. 570 ; R. L. s. 1365. In determining the amount of bail, this court should inquire as to the probability of a judgment against the prisoner, and its amount. Hurd Hab. Cor. pp. 438, 442, 444 ; 1 Swift Dig. 568.

*Farnham & Chamberlain* for Goddard.

This court has no power to inquire whether the libel was true or not.

Hurd Hab. Cor. pp. 326, 336, 432 ; *People* v. *Cassell*, 5 Hill, 164 ; *Cemer* v. *Hill*, 4 Barb. 31. This court has no common law right to admit the prisoner to bail. When the English courts admitted to bail on civil process, they acted under the *Habeas Corpus* Act of George III, c. 100 ; 3 Bl. Com. p. 132, n. 20 ; *In re Wilson*, 6 Cranch, 52.

If our statute had not provided a way for releasing a person arrested on civil process, then this proceeding might be invoked with propriety ; but the statute is full on this subject.

In the first place before commitment the debtor may be discharged by procuring some one to write his name on the back of the writ. R. L. s. 1461. If committed he may give a bond, and be released. R. L. s. 1499. The arrest was and must be, according to the statute. R. L. s. 1459 ; *Clayton* v. *Scott*, 45 Vt. 386. The N. H. and Mass. cases do not apply as their statutes are different than ours. Our statute, R. L. s. 1365, applies only to criminal cases. *In re Tracy*, 25 Vt. 93 ; Hurd Hab. Cor. pp. 335, 336.

The opinion of the court was delivered by

ROWELL, J. Goddard brought suit for libel against the prisoner, claiming $30,000 damages, and caused him to be arrested on the writ, and for want of bail he was committed to the common jail in Chelsea. He now brings *habeas corpus* to be admitted to bail.

" A person imprisoned in a common jail or the liberties thereof, or otherwise restrained of his liberty by an officer or other person, may prosecute a writ of *habeas corpus* to inquire into the cause of such imprisonment, and obtain relief therefrom if it is unlawful." R. L. s. 1344. If no legal cause is shown for the imprisonment or restraint, the prisoner shall be discharged therefrom; s. 1364. If the prisoner is detained for a *bailable cause* or offence, he shall be admitted to bail if sufficient bail is offered, otherwise he shall be remanded, with an order fixing the sum in which he shall be held to bail and the court at which he shall be required to appear ; and a judge of the County Court in

the county where he is confined may, at any time before the sitting of said court, bail him, pursuant to such order ; s. 1365. If the prisoner is lawfully imprisoned or restrained, or is not entitled to be enlarged on giving bail, he shall be remanded; s. 1366.

These are the provisions of the Habeas Corpus Act most in point. Said act contains no express provision, as the Habeas Corpus Act of Massachusetts and of some of the other States does, for relief in case of excessive bail in civil actions; and hence it is claimed that though this be regarded as such a case, no relief can be granted thereunder.

When a defendant is arrested on mesne process in a civil action, he is to be committed to jail unless he exposes sufficient property to secure the officer, or some person becomes surety for him to the satisfaction of the officer by indorsing his name on the writ as bail. Such surety becomes holden to satisfy the final judgment rendered in such action, provided the plaintiff therein takes out execution thereon and causes it to be put into the hands of an officer within thirty days from the rendition thereof, and a legal *non est* return to be made thereon within sixty days from such rendition. But such surety is entitled to a bailpiece, by virtue whereof he may at any time obtain a warrant and apprehend his principal in order that he may surrender him in discharge of his bail. Thus we see that the plaintiff in such case has no absolute and fixed hold on the surety for the payment of his judgment, but that the surety stands rather as bail for the appearance of the defendant, with a liability to satisfy the judgment, provided the body of the defendant cannot be had to be taken in execution. This is much like special bail, or bail above, at common law, and answers in some measure to the *stipulatio* or *satisdatio* of the Roman law. Section 1365 embraces civil causes as well as criminal offences. Its language is, " bailable *cause* or offence "; and the substantives are not used interchangeably either. The word *cause* is more comprehensive than *offense*, and is an apt term to denote a civil action. And this section explicitly commands that if the cause or offense be *bail-*

*able*, the prisoner *shall be admitted to bail* if sufficient bail be offered, otherwise, that bail shall be fixed.

But it is contended that the prisoner has a remedy by jail-bond. True, he may give such a bond if he can, but that would not release him from imprisonment, but only admit him to " the liberties," for one admitted to " the liberties" is imprisoned still.

It is further contended that this is not a case of excessive bail, for that the amount of the *ad damnum* is not controling as to the sufficiency of bail nor the amount and value of property to be exposed to secure the officer. But this is hardly so, for the statute expressly makes the officer taking bail on a writ of attachment answerable for its sufficiency when taken; and as the bail may have to pay the judgment, which, for aught the officer can know, may be as large as the *ad damnum*, it is obvious that the amount of the *ad damnum* would practically control the officer in determining the sufficiency of bail or the amount and value of property necessary for his security.

By the common law of England, bail cannot generally be required in actions for mere torts ; but by the law of this State it is otherwise, and parties suing for wrongs of any kind may allege their damages as high as they please, and the result may be and sometimes is that thereby excessive bail is exacted, a thing that the Constitution prohibits, and at the same time provides that all prisoners, unless in execution, or committed for capital offenses when the proof is evident or presumption great, *shall be bailable by sufficient sureties.*

In the light of these provisions and of the *Habeas Corpus* Act, it would be strange to say that this court has no power to admit to bail when it is manifest, as here, that excessive bail is exacted. If that power is wanting, then any one, however irresponsible, may sue another in tort for some injury, real or supposed, and allege his damages at such a large and fictitious sum as to make it impossible for the party sued to obtain satisfactory bail or expose sufficient property to gain immunity from commitment.

The Habeas Corpus Act of 31 Car. II., c. 2, which created no new right but afforded a prompt and searching remedy, extended

only to commitment for some criminal or supposed criminal matter : *Cobbett* v. *Slowman*, 4 Exch. 747, affirmed in the Exchequer Chamber, 9 Exch. 633. All other cases of unjust imprisonment were left to the *habeas corpus* at common law, which was found defective, and the 56 Geo. III., c. 100 was passed, extending and regulating the remedy of the writ. Whether at common law the writ was grantable to admit to bail in civil actions, we have not inquired.

The prisoner is admitted to bail.